IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

WESTON SCOTT LANGWELL,          §
ID # 56559-177,                 §
                                §
                 Movant,        §        Civil Action No. 2:24-CV-092-D
                                §        (Criminal No. 2:17-CR-117-D)
VS.                             §
                                §
UNITED STATES OF AMERICA,       §
                                §
                 Respondent.    §

MEMORANDUM OPINION
AND ORDER

Movant Weston Scott Langwell ("Langwell") has filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Concluding that Langwell's § 2255 motion is untimely, the court dismisses the motion with prejudice.  The court also denies a certificate of appealability.

I

On August 8, 2018 the court sentenced Langwell to 120 months' imprisonment, followed by five years of supervised release, based on Langwell's guilty plea to the offense of attempted enticement of a child, in violation of 18 U.S.C. § 2422(b).  Langwell did not file a direct appeal.

On May 6, 2024 Langwell filed the instant motion under 28 U.S.C. § 2255, challenging his sentence.  He maintains that subsequent changes in the law render his motion timely and entitle him to have his sentence vacated.  Because the motion appeared to be untimely, the court directed Langwell to respond regarding application of the one-year

limitations period.   Langwell responded on June 7, 2024, arguing that the statute of limitations should be equitably tolled.  After a review of the relevant pleadings and law, the court concludes that Langwell's § 2255 motion is barred by the applicable limitations period and should be dismissed.

II

A

A motion under 28 U.S.C. § 2255 is subject to a one-year limitation period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Langwell filed his motion more than one year after his conviction became final, so his motion is untimely under § 2255(f)(1).[1]

---

[1]Langwell did not file a direct appeal, so his conviction became final on August 22, 2018.  *See United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) (holding that a conviction becomes final for § 2255 purposes at the expiration of the direct appeal process); Fed. R. Civ. P. 4(b)(1)(A) (providing 14 days to file a notice of appeal).  To have been timely

Langwell maintains, however, that he has a newly recognized and retroactive right that was established after his conviction, presumably asking the court to apply § 2255(f)(3) and deem his motion to be timely filed. Under § 2255(f)(3), a movant has one year from the date the newly recognized right is established to file a motion for relief. *See Dodd v. United States*, 545 U.S. 353, 357 (2015).

B

Langwell maintains that the one-year limitations period began when the U.S. District Court for the District of Nevada applied *United States v. Black*, 733 F.3d 294 (9th Cir. 2013), to a case with facts similar to his own. *See United States v. Lofstead*, 574 F.Supp.3d 831 (D. Nev. 2021). The court disagrees.

Because *Lofstead* is not a Supreme Court decision, it does not operate to extend the statute of limitations. *See* § 2255(f)(3). Even if *Lofstead* were a Supreme Court decision, Langwell's motion is untimely because he did not file it within one year of *Lofstead*. *See Esparsa v. United States,* 2021 WL 2598688, at *2 (N.D. Tex. May 4, 2021) (Ramirez, J.) ("Even if the Supreme Court had made *Rehaif* retroactive, it was decided on June 21, 2019, so any habeas action relying on it must have been brought by June 21, 2020."), *rec. adopted*, 2021 WL 2592548 (N.D. Tex. June 23, 2021) (Fitzwater, J.). *Lofstead* was decided on November 22, 2021, meaning that Langwell was obligated to file his motion no later than

under § 2255(f)(1), Langwell must have filed his motion no later than August 22, 2019.

- 3 -

November 22, 2022.[2]  He filed this motion on April 16, 2024, which is well outside the limitations period provided by § 2255(f)(3), even assuming that *Lofstead* operated to extend it.

C

The statute of limitations also can be tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks omitted).  It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1996).  A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The movant bears the burden to show his entitlement to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam).

Langwell contends that he was prevented from physically accessing the prison law library for several reasons: pandemic restrictions, frequent placement in administrative segregation, and frequent transfers between facilities.  In some circumstances, lack of access to an adequate prison law library can toll the one-year limitations period to file a federal

---

[2]Under the prison mailbox rule, Langwell was obligated to deliver the motion to prison authorities for forwarding to the court clerk no later than November 22, 2022.

- 4 -

habeas petition.  *Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003).  To toll the limitations period, however, the lack of library access must have "actually *prevented* [the petitioner] from timely filing his habeas petition."  *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original).  *See also Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011) (per curiam) ("[I]gnorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling."); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (same).

An institutional lockdown or a delay in access to a law library is not of itself a rare and exceptional circumstance that warrants equitable tolling.  *Lewis v. Casey,* 518 U.S. 343, 362 (1996) (holding that as long as lockdowns are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance).  Intermittent lockdowns and diminished access to the law library as a result of pandemic restrictions do not constitute "extraordinary circumstances" that warrant equitable tolling. *See, e.g., Delarosa v. Dir.*, *TDCJ-CID*, 2022 WL 850041, at *2-3 (N.D. Tex. Feb. 22, 2022) (Toliver, J.) (collecting cases and holding that pandemic-related circumstances, including lockdowns and diminished library access, did not prevent filing of habeas petition), *rec. adopted* 2022 WL 847216 (N.D. Tex. Mar. 22, 2022) (Fitzwater, J.); *Herrera v. United States*, 2023 WL 3742348 (N.D. Tex.  Apr. 24, 2023) (Toliver, J.) (holding that movant "fail[ed] to demonstrate how the COVID-19 pandemic prevented her from timely filing her § 2255 motion"), *rec. adopted*, 2023 WL 3743158 (N.D. Tex. May 31, 2023) (Fitzwater, J.);

- 5 -

*Sanders v. United States*, 2022 WL 4086793 at \*3 (N.D. Tex. Aug. 2, 2022) (Toliver, J.) (finding equitable tolling was not warranted when the movant made "broad-based allegations" that his prison had been on lockdown but failed to address how the pandemic restrictions affected him personally), *rec. adopted* 2022 WL 4084426 (N.D. Tex. Sept. 6, 2022) (Fitzwater, J.). *See also United States v. Caldwell,* 2020 WL 2849997, at \*2 (S.D. Tex. June 1, 2020) ("Even if prison law libraries are closed due [to] the current COVID-19 pandemic, prison mail systems are not.  The Bureau of Prisons' COVID-19 Modified Operations Plan has not prevented inmates from filing motions and responses in other cases . . . .").  Moreover, Langwell offers no explanation for his failure to file the § 2255 motion before pandemic restrictions were enacted; he admits that such restrictions did not begin until 2020, and the statute of limitations for filing his motion expired on August 22, 2019.

Langwell also alleges that an inmate clerk at a prison law library erroneously guided him into filing an application for commutation or pardon, rather than a § 2255 motion, as his first step in attempting to vacate his conviction.  He filed the application on May 9, 2022. Assuming the truth of this assertion, Langwell's reliance on the clerk's misleading advice does not provide a viable basis for equitable tolling. *See United States v. Petty*, 530 F.3d 361 (5th Cir. 2008) (alleged reliance on erroneous advice from court clerk's office employee does not toll the statute of limitations).  Even if Langwell had filed his § 2255 motion on May 9, 2022 instead of his commutation application, his § 2255 motion still would have been untimely.  And Langwell has not shown that he was actively prevented from concurrently

filing a § 2255 motion on that date by the inmate clerk.[3]

Langwell's filings, even when liberally construed in accordance with his *pro se* status, do not show due diligence and "rare and exceptional circumstances" warranting equitable tolling. He has failed to present any facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from filing his § 2255 motion within the limitations period. The court therefore concludes that his motion is barred by the statute of limitations, and his motion under 28 U.S.C. § 2255 is dismissed with prejudice.

III

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court finds that Langwell has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a

---

[3]The court assumes that Langwell's reference to an "inmate clerk" is to a BOP employee who works with inmates. If Langwell is referring to a clerk who is a fellow inmate, the result is the same. A habeas movant's reliance on erroneous legal advice provided by a prison law clerk does not provide a basis for equitable tolling. *See Foley v. United States*, 420 Fed. Appx. 941, 942 (11th Cir. 2011) (reliance upon erroneous advice from prison law clerk in completing forms for filing a motion to vacate does not warrant equitable tolling); *Bunley v. LeBlanc*, 2020 WL 3067271 at *4 (W.D. La. April 30, 2020) (noting that "inmates must beware; they rely on legal advice offered by fellow prisoners at their own peril") (quotation omitted); *Gonzalez v. United States*, 2012 WL 6045907 (N.D. Ga. Dec. 5, 2012) (reliance upon the erroneous advice of fellow inmates regarding legal issues does not "excuse a lack of due diligence on the part of a movant in seeking § 2255 relief").

constitutional right" and "debatable whether [this court] was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If Langwell files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

July 10, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 8 -